IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NICHOLAS ADDISON                                                                                            PLAINTIFF
ADC #162451

V.                                           NO: 5:16CV00004 DPM/PSH

WILLIAM STRAUGHN *et al*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I.  Relevant Facts

Plaintiff Nicholas Addison, who is currently held at the Poinsett County Detention Facility, filed a *pro se* complaint on January 7, 2016, naming as defendants William Straughn, Louis E. Cogbill, and Sheila Johnson.  Doc. No. 2.  He filed an amended complaint on January 20, 2016 adding as defendants Arkansas Department of Correction (ADC) Director Larry Norris,[1] Sgt.

---

[1]Current ADC Director Wendy Kelley was substituted in Norris' place pursuant to a May 19, 2016, order (Doc. No. 25).

Harmen, Sgt. D. Stevens, and Mrs. Drake. Doc. No. 6. Addison filed a motion to add William Giggleman as a defendant on February 24, 2016, and that motion was granted. Doc. Nos. 18, 24. Addison's claims against Straughn were dismissed without prejudice on May 19, 2016. Addison's claims against Cogbill, Johnson, and Giggleman have been recommended for dismissal without prejudice. Doc. No. 51. Addison's amended complaint against Kelley, Harmen, Stevens, and Drake has not yet been screened, and those defendants have not been served. For the reasons set forth below, the Court recommends that the claims against Kelley, Harmen, Stevens, and Drake be dismissed.

The events at issue in this lawsuit occurred at the ADC's Cummins Unit. Addison asserts in his original complaint that he had not received his psychiatric medications for close to a month despite putting in sick call requests and reporting his symptoms to staff. As a result, he claims he began hearing voices in his head and feeling sick, was seeing things, and was having homicidal and suicidal thoughts. He further states "since I've been here I've woking up at night because the voice told me to & rubbed DoDo on my face it's happen four times, I can't think, I'm very depressed, I can't stay focus or concentrait and constently seeing things that are not there. I stay in my cell all the time I fell like people are out to get me I'm very pernoid." Doc. No. 2, page 4. Addison states he was told that trying to get psychiatric medications would be a waste of time and "they do not have my med here. I am still hear voices to kill myself and others as well I want no one here help me." *Id.*

In Addison's amended complaint, he makes the following allegations against Norris (now Kelley), Harmen, D. Stevens, and Drake:

> I'd also like to add the director of ADC Larry Norris to my case due to the fact, I feel he should of trained the staff here at the Cummins

> Unit, to act in a professional behavior, in dealing with my mental issues.
>
> Also I'd like to add Sgt. Harmen badge #85470 to the case for failure to answer my grievance in the proper manner. On 1-14-16 I gave her my grievance and I felt that she blew me off by not attending to my needs at that moment. I'm still hearing voices and seeing things that are not there.
>
> Also I'd like to add Sgt. D. Stevens badge #4816 as well for not properly handling my issues in a professional manner.
>
> Also Mrs. Drake as well, I've placed five mental health request to her but I have not heard anything from mental health.
>
> I'd like to sue all four for cruel and unusal punishment & mental anguise.

Doc. No. 6.

## II. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

*Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### III. Analysis

To state a cognizable claim, Addison must allege a violation of a right secured by the United States Constitution or the laws of the United States, and that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Addison seeks to hold Kelley liable for allegedly not training the Cummins Unit staff to "act in a professional behavior" in dealing with his mental issues. He also claims Stevens did not handle his "issues" in a professional manner. These claims do not state a cognizable claim under § 1983. Addison does not specify what unprofessional behavior took place, when such behavior is alleged to have occurred, or how any unprofessional behavior or conduct violated federal laws or the Constitution. Additionally, claims based on unprofessional conduct of jail staff fail to state a claim as a matter of law. *See, e.g., Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)(verbal threats not a constitutional violation); *McDowell v. Jones*, 990 F.2d 433 (8th Cir. 1993)(taunts, threats, name calling, abusive language do not constitute constitutional violation); *O'Donnell v. Thomas*, 826 F.2d 788 (8th Cir. 1987)(verbal threats not a constitutional violation).

Addison's claim against Harmen is that she failed to answer a grievance properly, apparently by not "attending to my needs at that moment." This assertion also fails to state a cognizable § 1983 claim. The failure to answer a grievance is not actionable. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).

Finally, Addison asserts that he placed mental health requests to Drake but had not "heard anything from mental health." Addison does not state the substance of the mental health requests, who Drake is, what her role or position was at the relevant times, or why she would be responsible for receiving and responding to mental health requests. Even construing Addison's allegations against Drake liberally, they are simply too thin to state an actionable claim. To find otherwise, the Court would be required to resort to conjecture or speculation. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. at 570 (complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable). Accordingly, Addison's claims against Kelley, Harmen, Stevens, and Drake should be dismissed for failure to state a claim. Because Addison's claims against all other defendants have been dismissed, or recommended for dismissal, his complaint should be dismissed in its entirety.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff Nicholas Addison's complaint and amended complaint be DISMISSED WITHOUT PREJUDICE.

2.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 21st day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE